ORDER DENYING PETITION FOR REVIEW
GARY P. SULLIVAN, Chief Justice.
A PETITION FOR REVIEW dated April 25, 2000, having been filed by the Fort Peck Sioux General Council, by and through its officers, Floyd Young-man, Chairman, Del Wayne First, Vice Chairman, Agnes Ward, Secretary and Myrna First, Treasurer, from three (3) separate orders denying their Petition for Order to Restrain various officials of the Cities and County ‘within the boundaries of the Fort Peck Indian Reservation’, as well as State of Montana and Fort Peck Tribal officials from entering into an agreement for the ‘cross deputization’ of certain law enforcement officers which would grant authority to arrest Indians within the exterior boundaries of the Fort Peck Tribal Reservation, the Honorable Chief Judge, A.T. Stafne, presiding.
Based upon the lower Court documents, this Court finds:
1. That the appellants herein filed three separate Petitions for Order to Restrain on April 24, 2000, requesting that the Fort Peck Tribal Court restrain various City, County, State and Tribal officials from ‘entering into any and all Cooperative Agreements that would provide Cross Deputization of Law Enforcement Officers on the Fort Peck Assi-niboine and Sioux Indian reservation’ based upon allegations that such agreement(s) were scheduled to be signed at 11:00 a.m. on April 26, 2000, and further, that such agreements), if entered into, would subject Tribal members and other Indi-an persons to the jurisdiction of non-Indian law enforcement entities. Appellants conclude that such subjection will “affect the individual civil rights and treaty rights” of all Indians within the boundaries of the Fort Peck Tribes. All three petitions were filed with the Tribal *195 Court without proof of service on any of the adverse parties.
2. That the Tribal Court’s denial of the Petition for Order to Restrain officials of the Fort Peck Tribes is based upon Title IV § 401(a)[1] which prohibits the Court from issuing Temporary Restraining Orders or any injunction against the Tribes, or one of their officials acting on behalf of the Tribes, without prior notice.
3. Further, all three denials are based upon a failure of appellants to show “specific facts ... by oral testimony, affidavit, or by verified complaint that immediate and irreparable injury will result” in that “(a)ll Indians who reside on the Fort Peck Indian Reservation are already subject to the arrest by non-tribal law enforcement officers in certain situations”. It is assumed that the Tribal Court was making reference to Title III § 208[2].
4. A careful reading of all three petitions reveals that appellants were not requesting Temporary Restraining Orders, but rather, permanent restraining orders. However, the fact that appellants filed their petitions, giving the Tribal Court only two days to act before the actions sought to be restrained were to take place, coupled with the fact that the Petitions were filed without proof of notice to the opposing parties, easily gives the impression that appellants were asking the Tribal Court to act without conducting a hearing. Such action would have been in violation of § 401(a), cited above.
5.In their petitions, appellants allege, “There is no foundation in fact or law enacted by treaty, constitutional provision or otheiwise which authorizes the Defendants to subject tribal members or other Indian persons, residing within the exterior boundaries of the Fort Peck Indian Reservation, to the jurisdiction of non-Indian law enforcement entities”. It must be assumed that appellants are either unaware of Title III § 208 or they are, by implication, challenging its constitutionality. If appellants were to formally challenge the constitutionality of § 208, they must do so with a great deal more precision. While such a challenge would afford *196 them the opportunity to be heard, it should be noted that any preliminary injunction pending the outcome of the challenge must meet the standard set forth in § 402,[3] which is essentially the same standard set forth in § 401(a).
IT IS NOW THEREFORE THE ORDER OF THIS COURT THAT:
Based upon the foregoing reasons, the Petition for Review is denied.

. Sec. 401. Temporary restraining orders without notice.
(a) No temporary restraining order or other injunction without notice shall be granted where the Tribe is a defendant or a tribal official is a defendant in his/her official capacity. Otherwise, except as provided in subsection (c), no temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by oral testimony, affidavit or by the verified complaint that immediate and irreparable injury will result to the applicant before notice can be served and a hearing had thereon.

. Sec. 208. State and local law enforcement officials authorized to make arrests.
(a) All law enforcement officials vested with general law enforcement authority by the State of Montana, or by any County or City within the boundaries of the Fort Peck Reservation and approved by Executive Board on recommendation of the safety committee, are hereby authorized to arrest Indians on any highway on the Reservation or within the boundaries of the cities of the Reservation for violations of the Tribal Code of Justice. Each jurisdiction shall from lime to time submit the names of new law enforcement officials to the safely committee for approval .
(b) Upon arresting any Indian as authorized by this Section, such law enforcement officials shall promptly deliver the individual to the Tribal Court or to the appropriate tribal law enforcement officers for action under tribal laws.

. Sec. 402. Preliminary injunctions.
A preliminary injunction restrains activities of a defendant until the case can be determined on the merits. No preliminary injunction shall be issued without notice to the adverse party and an opportunity to be heard, and no preliminary injunction shall be issued absent clear and convincing proof by specific evidence that the applicant will suffer irreparable harm during the pendency of the litigation unless a preliminary injunction is issued, that the applicant has a high likelihood of success on the merits, and that the balance of equities favors the applicant over the party sought to be enjoined. The Court may dissolve or modify a preliminary injunction at any time as the interests of justice require.